UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| versus | 21-84-SDD-SDJ |
| JEREMY DEWAYNE HAWKINS | |

### RULING

Before the Court is a *Motion for Rule 29 Judgment of Acquittal*[1] filed by Defendant, Jeremy D. Hawkins. The United States filed a *Response in Opposition*[2] to the *Motion*. For the reasons set forth below, the *Motion* is DENIED.

### I.  BACKGROUND

Following a three-day jury trial, the Defendant in this matter was convicted of conspiracy to distribute and to possess with the intent to distribute cocaine and heroin, possession with the intent to distribute cocaine, and felon in possession of a firearm.[3] The Defendant was acquitted of possession with intent to distribute heroin.

As to the specific drug quantities involved in the conspiracy, the jury found the "overall scope of the conspiracy" involved:

- "500 grams or more but less than five kilograms" of cocaine; and
- "100 grams or more" of heroin.

The jury also found that the Defendant "knew, or reasonably should have known, that the scope of the conspiracy involved:"

- "500 grams or more but less than five kilograms" of cocaine; and

---

[1] Rec. Doc. 89.
[2] Rec. Doc. 90.
[3] Rec. Doc. 87.

- "less than 100 grams" of heroin.[4]

In his Rule 29 *Motion*, Defendant Hawkins argues that an acquittal on the drug quantity is necessary based on the jury "finding that less than 100 grams of heroin distribution was reasonably foreseeable to Mr. Hawkins, coupled with his acquittal for possessing with intent to distribute heroin, [and] in light of the evidence produced at trial."[5] In other words, Defendant Hawkins argues that the verdict "seems like an inconsistent verdict requiring acquittal" because the jury found that the overall conspiracy involved over 100 grams of heroin but that Hawkins only knew, or reasonably should have known, that the scope of the conspiracy involved less than 100 grams of heroin.

## II.    LAW & ANALYSIS

A motion for judgment of acquittal challenges "the sufficiency of the evidence to convict."[6] Rule 29(c) of the Federal Rules of Criminal Procedure provides that a defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later. As the Supreme Court stated in *Jackson v. Virginia*, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[7] The court determines "only whether the jury made a rational decision, not whether its verdict was correct on the issue of guilt or innocence."[8] "[I]f the fact finder was presented with

---

[4] Rec. Doc. 87.
[5] Rec. Doc. 89.
[6] *United States v. Allen*, 2015 WL 1638039, at *1-2 (E.D. La. April 13, 2015), quoting *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007) (quoting *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir.2005)) (internal quotation marks omitted).
[7] *Jackson v. Virginia*, 99 S.Ct. 2781, 2783 (1979),
[8] *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir.1995) (citation omitted).

sufficient evidence to support the verdict reached, that verdict must be upheld."[9]

In viewing the evidence in the light most favorable to the prosecution, the court must "consider the countervailing evidence as well as the evidence that supports the verdict in assessing sufficiency of the evidence."[10] The court must also draw upon "reasonable inferences from the evidence to support the verdict."[11] Though the court may not weigh the evidence or assess the credibility of witnesses, "[a] verdict may not rest on mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference."[12] Nevertheless, "[t]he evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence."[13]

In this case, the Court finds no reason to set aside the jury's guilty verdict. Defendant Hawkins argues that the United States Government should have established a higher grade of heroin conspiracy by presenting testimony of unnamed co-conspirators or wire tap calls between co-conspirators (presumably other than those involving Hawkins, which were played for the jury). He also argues that none of the wire tap calls that were played for the jury suggest an agreement on the quantity of drugs. However, he concedes that "[i]n theory, such a verdict is possible."

The Court finds that the jury heard the testimony of witnesses and considered the

---

[9] *Lucio*, 428 F.3d at 522.
[10] *Allen* at *2, quoting *United States v. Moreland*, 665 F.3d 137, 149 (5th Cir. 2011) (quoting *United States v. Brown*, 186 F.3d 661, 664 (5th Cir.1999)); see *United States v. Peterson*, 244 F.3d 385, 389 (5th Cir.2001) ("All evidence is considered, not just that supporting the verdict, but the evidence need not conclusively disprove alternatives; the jury is free to choose among reasonable constructions of the evidence.").
[11] *Id.*, quoting *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008) (quoting *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir.2007)).
[12] *Id.*, quoting *United States v. Moreland*, 665 F.3d 137, 149 (5th Cir. 2011) (quoting *United States v. Rojas Alvarez*, 451 F.3d 320, 333–34 (5th Cir. 2006)).
[13] *Id.*, quoting *United States v. Mendoza*, 522 F.3d 482, 488 (5th Cir. 2008) (internal quotation and citation omitted).

evidence introduced in this case before deliberating and returning a verdict. The evidence was sufficient to support the jury's finding that the overall scope of the conspiracy involved 100 grams or more of heroin but that the amount of heroin attributable to the Defendant in the conspiracy was less than 100 grams. The Defendant has failed to support his claim that there was insufficient evidence on the specific counts involving drug quantity. Accordingly, the Defendant's request for an acquittal regarding the jury's finding that Hawkins conspired to distribute over 100 grams of heroin and enter a judgment for under 100 grams is denied.

## III.   CONCLUSION

For the reasons set forth above, the *Motion for Rule 29 Judgment of Acquittal*[14] filed by Defendant, Jeremy D. Hawkins, is hereby DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 11th day of December, 2023.

*Shelly D. Dick*
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[14] Rec. Doc. 89.